**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

AROMATHERAPY ASSOCIATES, INC.                    Case No. 7:22-cv-09184

                                   Plaintiff,                    **COMPLAINT**

          -against-

BIRCHBOX, INC. and FEMTEC HEALTH,

                                   Defendants.
-------------------------------------------------------------------X

Plaintiff Aromatherapy Associates, Inc. ("Aromatherapy"), by and through its attorneys, LYONS MCGOVERN LLP, and as and for its Complaint against Birchbox, Inc. ("Birchbox") and FemTec Health ("FemTec") alleges as follows:

## PARTIES

1.       Aromatherapy is a corporation which is organized and existing under the laws of the State of Texas, whose principal place of business is in the State of Texas.  Aromatherapy is a manufacturer and distributor of certain cosmetics, skin care, hair care, and grooming products.

2.       Upon information and belief, defendant Birchbox is a corporation organized and existing under the laws of the State of Delaware whose principal place of business is located at 16 Madison Square West, 4th Floor, New York, New York, 10010.  Birchbox is in the business of the promotion and retail sale of consumer products through websites and retail stores.

3.       Upon information and belief, defendant FemTec is a corporation organized and existing under the laws of the State of Delaware. At all times relevant to this Complaint, FemTec was transacting business in New York through its acquisition of Birchbox, located at 16 Madison

Square West, New York, New York 10010.  Upon information and belief, defendant FemTec is in the women's health and wellness business and acquired Birchbox in or about October 2021.

## JURISDICTION and VENUE

4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(2).  Jurisdiction is proper because (1) the amount in controversy exceeds $75,000.00, exclusive of costs, interest, and attorneys' fees, and (2) Plaintiff and Defendants are citizens of different states.

5.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because defendant Birchbox maintains a place of business in New York City which is where the events giving rise to the claims occurred. Venue is also proper as Aromatherapy and Birchbox consented to having any disputes arising under their Distribution Agreement adjudicated in this Court and governed in accordance with the laws of the State of New York.

## NATURE OF THE ACTION

6.      This is an action by Aromatherapy to recover the sum of $424,195.08 due and owing from defendants, together with costs, plus interest and attorneys' fees in connection with Aromatherapy's provision to Birchbox of certain products pursuant to a Distribution Agreement. Said products were provided to Birchbox for the express purpose of being offered by Birchbox to its customers through its subscription service.

7.      The Distribution Agreement further provides that the prevailing party shall be entitled to attorneys' fees and related expenses in any suit or proceeding with respect to the subject matter of the Agreement or arising from or related to it.

## FACTUAL ALLEGATIONS

8.       In or about January 26, 2021, Aromatherapy and Birchbox entered into a Distribution Agreement (the "Agreement"), pursuant to which Birchbox was designated an authorized retailer of Aromatherapy's products. Under the Agreement, Aromatherapy was to provide Birchbox with certain products as ordered by Birchbox, which were to be offered to Birchbox's customers through its monthly subscription service. In exchange for these products, Birchbox agreed to make payment to Aromatherapy as more specifically set forth therein.

9.       The Agreement was in effect from January 26, 2021 for an initial term of one year, and the Agreement was to automatically renew for successive one-year terms unless notice of non-renewal was served by either party. Neither party served a notice of non-renewal of the Agreement which remained in full force and effect up through and including the time of Birchbox's breach beginning on or about March 2022.

10.      In or about October 2021, while the Agreement was still in full force and effect, FemTec acquired Birchbox. Upon information and belief, this acquisition included the purchase of all of the assets of Birchbox.

11.      Pursuant to the Agreement, Birchbox submitted to Aromatherapy periodic Purchase Orders (collectively "Purchase Orders") to request specific products in specific sizes and/or quantities. In accordance with these Purchase Orders, Aromatherapy provided the specified products to Birchbox. Invoices for the products were issued at the time of shipment, and payment terms were net 30, subject to receipt and inspection of the products by Birchbox. This process was repeated without incident from the effective date of the Agreement through January 2022.

12.     On January 24, 2022, Birchbox issued Purchase Order No. 340677 to Aromatherapy for products totaling $214,500.00 ("Purchase Order No. 1"). The products were ordered for delivery between April 15-29, 2022.

13.     In satisfaction of Purchase Order No. 1, Aromatherapy manufactured and shipped the requested products to Birchbox's receiving facility. On March 29, 2022, Aromatherapy issued to Birchbox Invoice No. 69540 for the products totaling $214,437.08 ("Invoice No. 1").

14.     The products included in Purchase Order No. 1 and Invoice No. 1 have been delivered to and accepted by Birchbox. With the exception of a trivial quantity of damaged items that were immediately credited, Birchbox has never otherwise expressed any displeasure with, or raised any claims regarding their lack of satisfaction with, or questioned the sufficiency of, the balance of the products in this order.  Birchbox has received and accepted this order, but has made no payment despite multiple requests by Aromatherapy.

15.     Also on January 24, 2022, Birchbox issued Purchase Order 340678 to Aromatherapy for products totaling $187,500.00 (Purchase Order No. 2). The products were ordered for delivery to be made between July 18 – August 1, 2022.

16.     In May 2022, Birchbox made payments to Aromatherapy in the sum of $1,251.50 and $983.00 for balances due on other invoices numbered 69736, 68584, 68604 and 69110 (collectively "Other Invoices"). However, no payment was made on the outstanding full balance of $214,437.08 on Invoice No. 1 despite due demand therefor.

17.     In the intervening time since Purchase Orders Nos. 1 and 2 were issued in January 2022, Birchbox issued Purchase Orders 341158 for $1,248.00 ("Purchase Order No. 3") and 341247 for $360.00 ("Purchase Order No.4") in May 2022. The products ordered were shipped and corresponding Invoices 70495 ("Invoice No. 3") and 70382 ("Invoice No. 4") were issued.

Upon information and belief, these shipments were received and accepted by Birchbox. Birchbox has never expressed any displeasure with, or raised any claims regarding their lack of satisfaction with, or questioned the sufficiency of, the products in these orders. Despite demand therefor, Birchbox has not made payment for the amounts owed on Invoices Nos. 3 and 4.

18.     Thereafter, on June 7, 2022 Birchbox issued Purchase Order No. 341311, in the amount of $10,650.00 ("Purchase Order No. 5").  Aromatherapy shipped these products and issued Invoice No.70421 on June 8, 2022 in the amount of $10,650.00 ("Invoice No. 5"). Upon information and belief, this shipment was received and accepted by Birchbox. At no time during the prescribed shipment review period did Birchbox raise any issues as to the quality or sufficiency or condition of the products it received. Additionally, no payment was ever made in relation to that shipment. Nevertheless, in or around September 2022, Birchbox requested replacement of a trivial quantity of the product which it alleged had been damaged during shipment. Birchbox did not provide any evidence of the alleged damage to any of the products, and has never otherwise expressed displeasure with, or raised claims regarding their lack of satisfaction with, or questioned the sufficiency of, the balance of the products in this order. Despite demand therefor, Birchbox has still not made payment for any portion of the amount owed on Invoice No.5.

19.     Despite having requested but not receiving payment for Invoices Nos.1, 3, 4, and 5, on June 22, 2022 Aromatherapy in good faith prepared for shipping the products contained in Purchase Order No. 2. For this order, Aromatherapy issued Invoice No. 70566, dated June 22, 2022, in the amount of $187,500.00 ("Invoice No. 2").

20.     In good faith, Aromatherapy corresponded with Birchbox repeatedly by email from April 4, 2022 through July, 2022 to request payment of Invoice No. 1 which remained unpaid for many months.

21.     As of July 18, 2022, Aromatherapy was ready and able to ship the items ordered in Purchase Order No.2 and charged by Invoice No.2. However, as Aromatherapy had no assurances or any payment for the multiple outstanding invoices, the shipment of this order was withheld. The products were held and stored at the arrival port in New York for five days and were subsequently shipped to Aromatherapy's warehouse in Texas.

22.     The correspondences between Aromatherapy and Birchbox continued from July 20 through July 29, 2022 during which time Aromatherapy repeatedly requested payment from Birchbox of the outstanding balance owed.

23.     By email dated July 20, 2022 defendant FemTec on behalf of Birchbox acknowledged the outstanding amount when it communicated to Aromatherapy that it was seeking internal approval of a proposed payment plan.  The details of the proposed payment plan were then shared by FemTec in an email to Aromatherapy on July 26, 2022 which also advised that internal approval was necessary before a commitment could be made. Thereafter, despite follow-up emails from Aromatherapy on July 28 and July 29, neither FemTech nor Birchbox responded to any further communications regarding the proposed payment plan. At no time since has Birchbox or FemTec paid or committed to paying any portion of the outstanding invoices.

24.     Despite multiple requests to Birchbox, Aromatherapy received no payment for the outstanding Invoices Nos. 1, 3, 4, and 5. Birchbox's non-payment of these four prior invoices constituted clear and willful repudiation of the Agreement in breach thereof.

25.     As a result of this repudiation of the Agreement which constituted a material breach by Birchbox, Aromatherapy was not obligated to continue performing under the Agreement by shipping the products which were the subject of Purchase Order No. 2.

26.     Aromatherapy was ready and able to fulfill the order of the specially manufactured goods as of the intended shipping date of July 18, 2022.

27.     Based on Birchbox's continued failure to pay for the items it had already received and accepted under prior Purchase Orders, which constituted repudiation and breach of the Agreement,  Aromatherapy withheld shipment of this order. The products were instead stored at the arrival port in New York for several days and ultimately transferred to warehouse storage in Texas where they have remained to the present time. Aromatherapy has incurred costs of $10,000 due to storage at the New York port and shipment to Texas thereafter.

28.     Other than as stated above, at no time during the communications about the outstanding Invoices did Birchbox or FemTec dispute the obligation to pay Aromatherapy or otherwise express any displeasure with, or raise any claims regarding their lack of satisfaction with, or question the sufficiency of, the majority balance of the products that had been provided by Aromatherapy pursuant to Purchase Orders 1, 3, 4, and 5.

29.     Accordingly, and by letter dated August 10, 2022, Aromatherapy made a formal demand upon Birchbox to make payment of the sum of $414,195.08 (the "First Demand Letter") representing the total sum of Invoices Nos. 1, 2, 3, 4, and 5.

30.     Notwithstanding the First Demand Letter, Birchbox failed and refused to make payment to Aromatherapy of the amounts due.

31.     By letter dated August 25, 2022, Aromatherapy made another formal demand, through its counsel, for Birchbox to make payment, or make arrangements for payment, of the outstanding balance by the close of business on September 6, 2022 (the "Second Demand Letter").

32.     Notwithstanding the Second Demand Letter, Birchbox failed and refused to make payment to Aromatherapy of the outstanding balance of $414,195.08 within the time contained in

the Second Demand Letter or thereafter.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST BIRCHBOX
## FOR BREACH OF CONTRACT AS TO ORDER NOS. 1, 3, 4, AND 5

33.    Aromatherapy repeats and realleges Paragraphs "1" through "32" of this Complaint as if fully set forth herein.

34.    Aromatherapy agreed to provide the Products as requested by Birchbox in Purchase Orders Nos. 1, 3, 4, and 5, and Birchbox agreed to compensate Aromatherapy for same, for a cumulative price of $226,695.08.

35.    Aromatherapy performed all of its obligations in connection with the provision of the Products to Birchbox pursuant to Purchase Orders Nos. 1, 3, 4 and 5.

36.    Birchbox made no payment to Aromatherapy for the Products requested by Purchase Orders No. 1, 3, 4, and 5 in the aggregate amount of $226,695.08

37.    There is now due and owing to Aromatherapy the outstanding balance of $226,695.08 for Invoices 1, 3, 4, and 5.

38.    As a result of Birchbox's failure to make full payment for the Products, Aromatherapy has been damaged in the amount of $226,695.08, together with interest, costs, and attorneys' fees, and all other amounts due and to become due to Aromatherapy.

39.    Accordingly, Aromatherapy is entitled to a money judgment against Birchbox in the amount of $226,695.08, plus interest, costs, and attorneys' fees.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST BIRCHBOX
## FOR PARTIAL ACCOUNT STATED AS TO ORDER NOS. 1,3,4 AND 5

40.     Aromatherapy repeats and realleges Paragraphs "1" through "32" of this Complaint as if fully set forth herein.

41.     From January 2021 through June 2022, Aromatherapy rendered the Invoices to Birchbox in the regular course of business.

42.     Each of the Invoices related to a Purchase Order and specifically set forth the Purchase Order for which the respective Invoice was issued, and specifically set forth the amount due therefor.

43.     Birchbox did not object to the Invoices orally or in writing, in whole or in part, or in any way, shape, or manner, within any reasonable time after receipt thereof.

44.     Nevertheless, Birchbox has failed and refused to pay the balance remaining due to Aromatherapy under Invoices Nos. 1, 3, 4, and 5 for which all products were shipped and received by Birchbox, for an aggregate total of $226,695.08.

45.     By reason of the foregoing, a partial account stated has been established for the sum of $226,695.08.

46.     Accordingly, Aromatherapy is entitled to a money judgment against Birchbox for an account stated in the amount of $226,695.08, together with interest, costs, attorneys' fees and all other amounts due and to become due to Aromatherapy.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST BIRCHBOX AND FEMTEC
## FOR UNJUST ENRICHMENT AS TO ORDER NOS. 1,3,4 AND 5

47.     Aromatherapy repeats and realleges Paragraphs "1" through "32" of this Complaint as if fully set forth herein.

48.     In the alternative, and if the Court should find that Aromatherapy is not entitled to recover against Birchbox under its breach of contract claim, it is entitled to recover the amounts due from FemTec and Birchbox on the basis of unjust enrichment.

49.     Aromatherapy provided the Products which were the subject of Purchase Orders Nos. 1, 3, 4, and 5 to Birchbox in good faith pursuant to the Agreement.  As of the dates of these shipments, FemTec had already acquired Birchbox and all of its assets and inventory, including the products provided to Birchbox by Aromatherapy. The aggregate amount owed for these products pursuant to the corresponding Invoices Nos. 1, 3, 4, and 5 is $226,695.08.

50.     Birchbox accepted and received the value and benefit of the Products and further benefitted from the Products through increased revenues and profitability in an unknown amount. As the owner of Birchbox, FemTec also received the value and benefit of the products and the revenues and profit derived therefrom.

51.     It would be inequitable, unjust, and against good conscience to permit Birchbox and FemTec to retain the benefit of the Products, and the profits realized therefrom, without making payment to Aromatherapy.

52.     Birchbox and FemTec have been unjustly enriched by the benefit conferred upon them, and Aromatherapy has been damaged, in an amount to be determined at trial, but not less than $226,695.08.

53.     Accordingly, Aromatherapy is entitled to recover a money judgment against Birchbox and FemTec in the amount of $226,695.08, together with interest, costs and attorneys' fees.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**AGAINST BIRCHBOX**
**FOR ANTICIPATORY BREACH OF CONTRACT AS TO ORDER NO. 2**

54.     Aromatherapy repeats and realleges Paragraphs "1" through "28" of this Complaint as if fully set forth herein.

55.     Purchase Order No. 2 requested delivery to Birchbox of a large quantity of certain products in specific sizes for Birchbox to offer to its customers.

56.     The quantity and specific size of the products was manufactured and prepared for shipment to Birchbox for the requested delivery between July 18, 2022 and August 1, 2022.

57.     As of July 18, 2022, Birchbox had failed to make payment of any portion of the aggregate amount of $226,695.08 owed to Aromatherapy under previously issued Invoices Nos. 1, 3, 4, and 5. This continued failure to make payment of the invoices for products shipped to and received and accepted by Birchbox was a repudiation of the Agreement in breach thereof.

58.     Aromatherapy relied on Birchbox to perform under the contract, which reliance was to its detriment.

59.     In anticipated further repudiation and breach of the Agreement by Birchbox, Aromatherapy withheld shipment of the products which were the subject of Purchase Order No.2 which were valued in the amount of $187,500.00.

60.     Said products were manufactured in a large quantity and sized specifically as requested by Birchbox for its exclusive use. As these products were manufactured specifically for Birchbox, they are unable to be resold. The products remain warehoused and ready to be shipped to Birchbox upon payment therefor.

61.     As a result of Birchbox's repudiation and breach of the Agreement, Aromatherapy has sustained additional damages in the amount of $187,500.00 for the products which were specially manufactured for Birchbox in accordance with Purchase Order No. 2.

62.     As a further result of Birchbox's repudiation and breach of the Agreement, Aromatherapy has also incurred costs of $10,000.00 in fees for alternate storage and shipping of the products which were specially manufactured for Birchbox in accordance with Purchase Order No. 2.

63.     Accordingly, Aromatherapy is entitled to recover a money judgment against Birchbox in the additional amount of $197,500.00, together with interest, costs and attorneys' fees.

## **JURY DEMAND**

64.     Aromatherapy demands a trial by jury of this action.

**WHEREFORE**, Aromatherapy respectfully demands judgment against Birchbox and FemTec in the aggregate amount of $424,195.08 as follows:

(a)     as to the First Cause of Action for Breach of Contract, an Order issuing judgment against Birchbox in the amount of $226,695.08 plus interest; or in the alternative,

(b)     as to the Second Cause of Action for Partial Account Stated, an Order issuing judgment against Birchbox in the amount of $226,695.08 plus interest, costs, and fees; or in the alternative,

(c)     as to the Third Cause of Action for Unjust Enrichment, an Order issuing judgment against Birchbox and FemTec in the amount of $226,695.08 plus interest, costs, and fees; and,

(d)      as to the Fourth Cause of Action for Breach of Contract, and Order issuing judgment against Birchbox in the amount of $197,500.00 plus interest, costs and fees; and

(e)     for such other and further relief which as to this Court may seem just, equitable, and proper.

Dated:  White Plains, New York
        October 26, 2022

LYONS MCGOVERN LLP

By:     _____
        Desmond C.B.Lyons

*Attorneys for Plaintiff*
AROMATHERAPY ASSOCIATES, INC.
399 Knollwood Road, Suite 216
White Plains, New York 10603
Telephone:   (914) 631-1336
Facsimile:   (914) 631-1161
Email:       dlyons@lyons-mcgovern.com